United States District Court
Southern District of Texas
**ENTERED**
May 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ERIK ALEMAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-470 |
| § | |
| COREY FURR, *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff Erik Aleman's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's Eighth Amendment claims be retained against certain named Defendants in their individual

capacities. It is respectfully recommended further that Plaintiff's claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment. Lastly, it is respectfully recommended that Plaintiff's claims against the remaining defendants be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). On August 9, 2011, he was sentenced to forty years in prison for a murder conviction out of Hidalgo County, Texas. He is currently confined at the McConnell Unit in Beeville, Texas.

Plaintiff filed his Original Complaint on November 2, 2016, and named the following individuals as Defendants: (1) Corey Furr, McConnell Unit assistant warden; (2) Mr. Hernandez, McConnell Unit correctional officer; (3) Mr. Chavez, McConnell Unit correctional officer; (4) C. Martinez, McConnell Unit warden; and (5) John and Jane Does, serving as either McConnell Unit sergeants, lieutenants, or captains. (D.E. 1 at p. 3). Plaintiff does not indicate whether he sues Defendants in their individual and official capacities.

On April 4, 2017, a *Spears*[1] hearing was conducted where Plaintiff was given an opportunity to explain his claims. The following allegations were made in Plaintiff's Original Complaint (D.E. 1) or at the hearing.

Plaintiff, who is 5 feet 3 inches tall and weighs 110 pounds, is handicapped and walks with a crutch. Plaintiff suffers from nerve damage resulting from being shot in the pelvis. Plaintiff also suffers from a cracked disc and has trouble moving on his left leg. Plaintiff uses a full-sized crutch which fits underneath his armpit.

On June 17, 2016, while in his cell, Plaintiff informed Defendants Chavez and Hernandez that Plaintiff possessed a pass, which he showed to the officers, allowing Plaintiff to visit the medical unit. These Defendants responded, however, by verbally harassing Plaintiff and not allowing Plaintiff to go to the medical unit. Plaintiff then asked to see a ranking officer in order to be escorted from his cell to the medical unit.

When no ranking officer was provided, Plaintiff proceeded to leave his open cell in a non-aggressive manner. Three correctional officers, including Defendants Chavez and Hernandez, attempted to stop Plaintiff, handcuff him, and return him to his cell. Plaintiff responded to the officers' advances by asking not to be touched. One correctional officer named Lewin got in Plaintiff's way, which prevented Plaintiff from returning to his cell. Defendant Hernandez attempted to trip Plaintiff by stepping on Plaintiff's shoe. Defendant Hernandez then flipped Plaintiff, placed Plaintiff in a headlock, and threw Plaintiff to the floor where he landed on his collarbone. While

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff was on the floor, Defendant Chavez twisted Plaintiff's hand and punched Plaintiff. Plaintiff did not fight back or otherwise act in an aggressive manner. Plaintiff suffered injuries to his hand and left collarbone.

Shortly thereafter, the prison's use-of-force team arrived at the scene. The use of force team restrained him and placed him in his cell without first taking him to the medical unit for a physical examination. A prison disciplinary proceeding was brought against Plaintiff where he was found guilty with sanctions imposed, including the loss of good time credits.

Defendants Furr and Martinez were not present at the time of the June 17, 2016 incident. Likewise, the defendants listed as "Jane and John Doe" were not present and had no involvement in the incident.

Plaintiff filed a Step One grievance complaining about the events that occurred on June 17, 2016. Defendant Martinez responded to the grievance, concluding that insufficient evidence existed to warrant opening a case against Defendants Chavez and Hernandez. Plaintiff subsequently filed a Step Two grievance. Defendant Furr responded by stating that Plaintiff's concerns were noted and that issues of staff misconduct would be addressed in accordance with prison rules and guidelines.

### III.  LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

4 / 10

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV.   DISCUSSION.

### A.   Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing any Defendant in his or her official capacity for money damages, those claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice.

B.      **Claims against the Supervisory Defendants.**

Plaintiff sues Assistant Warden Furr, Warden Martinez, and the Jane and John Does as supervisory officials who failed to assist Plaintiff in preventing the use of force. Plaintiff testified at the *Spears* hearing that these supervisory Defendants did not participate in the June 17, 2016 use of force against Plaintiff.

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011).

Plaintiff has attached to the Original Complaint a Step One grievance which was denied by Defendant Martinez and a Step Two grievance which was denied by Defendant Furr. However, the denial of a prisoner's administrative grievance is not actionable

conduct under § 1983.  *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Plaintiff fails to allege any facts to suggest that these supervisory defendants had any personal involvement in connection with the June 17, 2016 use of force or implemented any unconstitutional policies by denying relief as to Plaintiff's grievances.  Accordingly, Plaintiff's claims against Defendants Furr, Martinez, and the Jane and John Does are subject to dismissal.

### C. Excessive force claims against Defendants Hernandez and Chavez

Plaintiff claims that the Defendants Hernandez and Chavez used excessive force against him on June 17, 2016, when they restrained Plaintiff outside of his cell.

Inmates have a constitutional right to be free from the use of excessive force.  *See Anthony v. Martinez,* 185 Fed. Appx. 360, 363 (5th Cir. 2006).  To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992).  Thus, a prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Id.* at 4; *see also Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010) (reversing district court's dismissal of prisoner's excessive force claim based entirely on its determination that his injuries were "*de minimis*," reasoning that it was "at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury.").  Additional relevant objective factors in the inquiry of the application of excessive force include (1) the extent of the

injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

Although a *de minimis* injury is not cognizable, the extent of the injury necessary to satisfy the injury requirement "is directly related to the amount of force that is constitutionally permissible under the circumstances." *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996) (citations omitted); *see also Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir. 2004) (noting that the minimum qualifying injury "changes with the facts of each case"); *Williams v. Bramer,* 180 F.3d 699, 704 (5th Cir. 1999) ("What constitutes an injury in an excessive force claim is ... subjective -- it is defined entirely by the context in which the injury arises.").

In this case, Plaintiff testified that on June 17, 2016: (1) Plaintiff exited his cell in a non-aggressive manner; (2) Defendant Hernandez subsequently attempted to trip Plaintiff by stepping on Plaintiff's shoe, flipped Plaintiff, placed him in a headlock, and threw him to the floor; (3) Defendant Chavez twisted Plaintiff's hand and punched Plaintiff while he was on the floor; (4) at no time during the incident did Plaintiff fight back or act in an aggressive manner; and (5) Plaintiff suffered injuries to his hand and left collarbone. For purposes of § 1915A review, Plaintiff has stated sufficient facts against Defendants Hernandez and Chavez to establish that force was used maliciously and sadistically, and not in a good faith effort to maintain order and discipline. Thus, it is

respectfully recommended that Plaintiff's claims against Defendants Hernandez and Chavez in their individual capacities be retained.

### V. CONCLUSION.

For the reasons stated above, it is respectfully recommended that the Court retain Plaintiff's excessive force claims against Defendants Hernandez and Chavez, and that service be ordered on these Defendants in their individual capacities. It is respectfully recommended further that Plaintiff's claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment. Lastly, it is respectfully recommended that Plaintiff's claims against the supervisory Defendants, Furr, Martinez, and the Jane and John Does, be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Respectfully submitted this 3rd day of May, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).