United States District Court
Southern District of Texas
**ENTERED**
February 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ERIK  ALEMAN,                              §
                                           §
          Plaintiff,                       §
VS.                                        §          CIVIL ACTION NO. 2:16-CV-470
                                           §
COREY  FURR, *et al*,                      §
                                           §
          Defendants.                      §

## MEMORANDUM AND RECOMMENDATION
## TO GRANT DEFENDANTS' SUMMARY JUDGMENT MOTION

In this prisoner civil rights action, Plaintiff Erik Aleman complains that prison officials used excessive force against him in violation of his Eighth Amendment rights. Defendants Usvaldo Hernandez and Neftali Chavez have filed a Motion for Summary Judgment, contending they are each entitled to qualified immunity as to Plaintiff's excessive force claims.  (D.E. 30).  For the reasons stated herein, it is respectfully recommended that their summary judgment motion be GRANTED.

## I.    JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.

## II.   PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  On August 9, 2011, he was sentenced to forty years in prison for a murder conviction out of Hidalgo County, Texas.  The facts giving rise to

Plaintiff's claims in this lawsuit occurred during Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff filed his original complaint on November 2, 2016, raising his excessive force claims.   He named the following McConnell Unit officials as defendants: (1) Assistant Warden Corey Furr; (2) Correctional Officer Hernandez; (3) Correctional Officer Chavez; (4) Warden C. Martinez; and (5) various John and Jane Does serving either as sergeants, lieutenants, or captains.  (D.E. 1, p. 3).

On April 4, 2017, a *Spears*[1] hearing was conducted.   On May 3, 2017, the undersigned issued a Memorandum and Recommendation (May 3, 2017 M&R), recommending that the Court: (1) retain Plaintiff's excessive force claims against Officers Hernandez and Chavez in their individual capacities; (2) dismiss Plaintiff's claims for money damages against all Defendants in their official capacities as barred by the Eleventh Amendment; and (3) dismiss Plaintiff's claims against Defendants, Furr, Martinez, and the Jane and John Does with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous.  (D.E. 13).  Plaintiff filed objections on May 15, 2017 (D.E. 14), and the May 3, 2017 M&R remains pending before the District Judge.

The undersigned ordered service on Officers Hernandez and Chavez (collectively referred to hereinafter as "Defendants"), who subsequently filed their amended answer on June 26, 2017.  (D.E. 12, 20).  On November 17, 2017, Defendants filed their motion for

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

summary judgment.  (D.E. 30).  Plaintiff has not responded to the summary judgment motion.[2]

## III.    SUMMARY JUDGMENT EVIDENCE

Defendants offer the following summary judgment evidence:

Exh. A:      Relevant Portions of Plaintiff's Medical Records from January 1, 2016 to December 31, 2016 (D.E. 30-1).

Exh. B:      Relevant Portions of Plaintiff's Disciplinary Records (D.E. 30-2).

Exh. C:      Affidavit of Dr. Steven Bowers (D.E. 30-3).

Exh. D:      Relevant Use of Force Report involving Plaintiff (D.E. 30-4).

Plaintiff has not submitted any summary judgment evidence.  His verified complaint and testimony at the *Spears* hearing, however, serve as competent summary judgment evidence.  *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017).

### A.    Plaintiff's Verified Complaint and *Spears* Hearing Testimony

Plaintiff, who is 5 feet 3 inches tall and weighs 110 pounds, is handicapped and walks with a crutch.  Plaintiff suffers from nerve damage resulting from being shot in the pelvis.  Plaintiff also suffers from a cracked disc and has trouble moving on his left leg. Plaintiff uses a full-sized crutch which fits underneath his armpit.

---

[2]  According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition."  LR 7.4.

On June 17, 2016, while in his cell, Plaintiff informed Officers Chavez and Hernandez that Plaintiff possessed a pass, which he showed to the officers, allowing Plaintiff to visit the medical unit. These defendants responded, however, by verbally harassing Plaintiff and not allowing Plaintiff to go to the medical unit. Plaintiff then asked to see a ranking officer in order to be escorted from his cell to the medical unit.

When no ranking officer was provided, Plaintiff proceeded to leave his open cell in a non-aggressive manner. Plaintiff acknowledged, however, that he was not supposed to walk out of his cell. Three correctional officers, including Officers Chavez and Hernandez, attempted to stop Plaintiff, handcuff him, and return him to his cell. Plaintiff responded to the officers' advances by pulling his hand back and asking not to be touched. One correctional officer named Lewin got in Plaintiff's way, which prevented Plaintiff from returning to his cell. Officer Hernandez attempted to trip Plaintiff by stepping on Plaintiff's shoe. Officer Hernandez then flipped Plaintiff, placed Plaintiff in a headlock, and threw Plaintiff to the floor where he landed on his collarbone. While Plaintiff was on the floor, Officer Chavez twisted Plaintiff's hand and punched Plaintiff. Plaintiff did not fight back or otherwise act in an aggressive manner.

Shortly thereafter, the prison's use-of-force team arrived at the scene. As a result of the use of force, Plaintiff suffered injuries to his hand and left collarbone. Plaintiff was placed in his cell without being taken to the medical unit for a physical examination. A prison disciplinary proceeding was brought against Plaintiff where he was found guilty with sanctions imposed, including the loss of good time credits.

### B.      Use of Force Report

Defendants have submitted a Use of Force Report in connection with the incident occurring on June 17, 2016.  (D.E. 30-4).  The Use of Force Report contains a section entitled "Summary" which contains the following findings: (1) on June 17, 2016, Plaintiff refused to return to his assigned housing; (2) Officer Hernandez gave Plaintiff several orders for Plaintiff to return to housing, which Plaintiff refused to obey; (3) Officer Hernandez ordered Plaintiff to submit to mechanical hand restraints; (4) as Officer Hernandez attempted to place restraints on Plaintiff's right hand, Plaintiff pulled his hand away and then used it to strike Officer Hernandez in the right forearm; (5) Officer Chavez, who was present at the scene along with another officer, ordered Plaintiff to submit to mechanical hand restraints; (6) while walking backward, Plaintiff threatened Officer Hernandez; (7) because Plaintiff was resisting, Officer Hernandez pushed Plaintiff to the floor; (8) Defendants along with other officers successfully restrained Plaintiff with hand cuffs and leg restraints; and (9) after Plaintiff complied with orders given to him, his hand cuffs and leg restraints were removed.  (D.E. 30-4, p. 12).  Plaintiff subsequently received a disciplinary care for assaulting Officer Hernandez.  (D.E. 30-4, p. 56; D.E. 30-2).

The Use of Force Report also includes an injury assessment of Plaintiff in a section entitled "Employee and Offender Use of Force Injury Report."  (D.E. 30-4, pp. 52-53).  While Plaintiff had complained of injuries to the collarbone and ribs, the report reflected that Plaintiff suffered no injury.  (D.E. 30-4, p. 52).

## C.     Plaintiff's Relevant Medical Records

Plaintiff was seen by the medical department on the same day as the June 17, 2016 use of force.   (D.E. 30-1, p. 4).   The treating nurse noted no visible injuries, no respiratory distress, and no adverse effects from the use of force.   (D.E. 30-1, p. 4). Plaintiff subsequently was evaluated by medical personnel the next day on June 18, 2016. (D.E. 30-1, pp. 5-11).   Plaintiff's examination revealed only abrasions over the rib cage, left wrist, and right knee (D.E. 30-1, p. 7-8).   Plaintiff reported having pain on the left side of his collarbone.   (D.E. 30-1, p. 7-8).   Plaintiff was prescribed Tylenol for the pain. (D.E. 30-1, p. 9).

On June 20, 2016, Plaintiff submitted a sick call inquiring about his appointment with the hospital.   (D.E. 30-1, p. 12).   The next day, Plaintiff submitted a second sick call request, asking for medication renewals for a skin issue as well as rescheduling an appointment.   (D.E. 30-1, p. 13).

On June 22, 2016, Plaintiff was seen at the clinic.   (D.E. 30-1, pp. 14-16).   The clinical notes reflect that Plaintiff reported no injuries connected to the June 16, 2017, incident.   Rather, Plaintiff sought to renew his skin medications and asked to be rescheduled for an appointment due to having fallen "off the bus in Galveston."   (D.E. 30-1, p. 15).   On June 23, 2016, Plaintiff submitted another sick call request in which he reiterated his request to renew his skin medications.   (D.E. 30-1, p. 17).

## IV.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).   A

genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing

that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).   To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.   Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248.   "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."   *Caboni*, 278 F.3d at 451.   "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."   *Anderson*, 477 U.S. at 250-51.

The usual summary judgment burden of proof is altered in the case of a qualified immunity defense.   *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).   When a government official has pled the defense of qualified immunity, the burden is on the plaintiff to establish that the official's conduct violated clearly established law.   *Id.* Plaintiff cannot rest on his pleadings; instead, he must show a genuine issue of material fact concerning the reasonableness of the official's conduct.   *Bazan v. Hidalgo County*, 46 F.3d 481, 490 (5th Cir. 2001).

## V.   DISCUSSION

Defendants contend they are entitled to qualified immunity with respect to Plaintiff's excessive force claims against them.   The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). To discharge this burden, the plaintiff must satisfy a two-prong test. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251-52 (5th Cir. 2005). First, he must claim that the defendants committed a constitutional violation under current law. *Id.* (citation omitted). Second, he must claim that defendants' actions were objectively unreasonable in light of the law that was clearly established when the violation occurred. *Id.; Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). While it will often be appropriate to conduct the qualified immunity analysis by first determining whether a constitutional violation occurred and then determining whether the constitutional right was clearly established, that ordering of the analytical steps is no longer mandatory. *Pearson*, 555 U.S. at 236 (receding from *Saucier v. Katz*, 533 U.S. 194 (2001)).

### A. Step 1 – Constitutional Violation

Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez,* 185 F. App'x 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992). The factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably

perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

A prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Hudson*, 503 U.S. at 4. In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 40. The Supreme Court explained that "the core judicial inquiry [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (citations omitted).

"[A]lthough a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir.  2013) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996)). *See also Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir. 2004)) (noting that the minimum qualifying injury "changes with the facts of each case"); *Williams v. Bramer,* 180 F.3d 699, 704 (5th Cir. 1999) ("What constitutes an injury in an excessive force claim is ... subjective -- it is defined entirely by the context in which the injury arises."). Courts, therefore, may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced such a wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

"[T]he amount of force used must be judged by the context in which the force was deployed." *Ikerd*, 101 F.3d at 434.   Prison guards and officials are afforded broad latitude to maintain order in the prison systems.   Courts have "long recognized the need for prison officials to maintain order and discipline, *Whitley,* 475 U.S. at 321-22, and "broad deference is given to such decisions." *Hudson,* 503 U.S. at 6.   *See also Bell v. Wolfish,* 441 U.S. 520, 547 (1979) ("prison administrators … should be accorded wide-ranging deference in the adoption and executions of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").   Furthermore, prison guards work under circumstances where they "may [need] to act quickly and decisively." *Valencia v. Wiggins,* 981 F.2d 1440, 1446 (5th Cir. 1993).

According to Defendants, the competent summary judgment evidence demonstrates that Plaintiff did not suffer more than a *de minimis* injury as a result of Defendants' use of force on June 16, 2017.   (D.E. 30, p. 6-7).   Defendants further contend, based on the competent summary judgment evidence, that: (1) they acted in good faith to maintain or restore discipline; (2) the amount of force used was reasonably proportionate to the perceived threat; (3) only minimal amounts of force was used on Plaintiff to gain his compliance; and (4) Defendants reasonably perceived Plaintiff to be a serious threat to their safety.   (D.E. 30, pp. 7-9).

No injury to Plaintiff was recorded in the Plaintiff's Use of Force Report.   (D.E. 30-4, pp. 52-53).   The objective medical evidence offered by Defendants further shows

that: (1) on the same day as the June 17, 2016 use of force, Plaintiff's treating nurse noted no visible injuries, no respiratory distress, and no other adverse effects (D.E. 30-1, p. 4); (2) Plaintiff's medical examination on June 18, 2016 revealed only abrasions over the rib cage, left wrist, and right knee (D.E. 30-1, p. 7-8); (3) Plaintiff was prescribed Tylenol for reported pain to the left side of his collarbone  (D.E. 30-1, pp. 7-9); (4) Plaintiff submitted three sick calls from June 20-23, 2016, which did not reference issues arising from the use of force; and (5) on June 22, 2016, Plaintiff was seen at the clinic at which Plaintiff reported no injuries connected to the June 17, 2016 use of force.  (D.E. 30-1, pp. 4, 7-9, 12-17).

"While *Wilkins* clarifies that the quantum of injury is not the decisive factor in an Eighth Amendment claim, court precedents are nonetheless clear that *some* injury is necessarily required.  *Hines v. Castillo*, No. 2:13-CV-120, 2014 WL 3044209, at *8 (S.D. Tex. Jul. 2, 2014).  In this case, the Use of Force and objective medical records suggest that Plaintiff incurred, at most, minor abrasions and temporary pain to his collarbone as a result of the Defendants' use of force on June 16, 2017.  Indeed, following his examination on June 18, 2016, the competent summary judgment evidence shows that Plaintiff made no further complaints regarding any purported injury suffered during the June 17, 2016 use of force.

The evidence presented by Defendants fails to suggest that Plaintiff suffered from anything more than a *de minimis* injury.  *See Brooks v. City of West Point, Miss.*, 639 F. App'x 986, 990 (5th Cir. 2016) (affirming district court's finding that *de minimis* injuries

including abrasions to hands and knees, some pain in the back and neck, and unspecified problems with asthma sustained in the process of being arrested and handcuffed did not support excessive force claim); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (concluding that a sore, bruised ear lasting for three days, was considered to be *de minimis* injuries); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (spraying an inmate with a fire extinguisher after the fire was out was a *de minimis* use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury).  *But see Gomez*, 163 F.3d at 923-24 (holding that summary judgment was precluded where the inmate's use-of-force injury report documented abrasions and contusions with no medical opinion as to the seriousness of those injuries.  Defendants, therefore, have satisfied their initial burden to "demonstrate the absence of a genuine issue of material fact" as to the quantum of injury suffered by Plaintiff.  *See Celotex*, 477 U.S. at 325.  *See also Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) ("The movant accomplishes [meeting its burden] by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.").

The Use of Force Report further shows that: (1) Defendants Chavez and Hernandez applied force on Plaintiff in response to Plaintiff ignoring orders to return to assigned housing and in assaulting Officer Hernandez; (2) the force used in placing Plaintiff on the grounds and applying hand and leg restraints was minimal and not disproportionate to Plaintiff's perceived threat; and (3) efforts were made to temper the

severity of the use of force, as evidenced by the fact Plaintiff suffered only *de minimis* injuries.  (D.E. 30-4, p. 12).  Defendants, therefore, also have satisfied their burden to "demonstrate the absence of a genuine issue of material fact" as to whether their use of force was applied in good faith to maintain or restore discipline.  *See Celotex*, 477 U.S. at 325.

In his original complaint and at the *Spears* hearing, Plaintiff alleged that: (1) Officer Hernandez threw Plaintiff to the floor where Plaintiff landed on his collarbone; (2) Officer Chavez twisted Plaintiff's hand and punched Plaintiff; and (3) Plaintiff suffered injuries to his collarbone and left hand.  Although his sworn § 1983 complaint and testimony at the *Spears* hearing are proper summary judgment evidence, Plaintiff must as the party with the burden of proof identify genuine issues of material fact to avoid summary judgment in movant's favor.  *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).

Because Plaintiff admitted he was not supposed to step out of his cell without permission, and because he has failed to respond to Defendant's summary judgment motion, he has failed to designate any facts stated in his original complaint or at the *Spears* hearing to create a genuine issue of material fact.  The fact that plaintiff is proceeding *pro se* does not excuse him from his burden.  By not filing a response, Plaintiff has failed to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[3]  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir.

---

[3] The undersigned notes that Plaintiff's failure to oppose summary judgment does not automatically mean a grant of summary judgment in favor of Defendants is appropriate.  *See John v. State of Louisiana*, 757 F.2d 698, 709 (5th

1996).  *See also Monroe v. Melder*, No. 00-30214, 247 F.3d 241, *3 (5th Cir. 2001) (prisoner who fails to file any opposition to officer's summary judgment motion on excessive force claim fails to identify or demonstrate an issue of material fact that would defeat summary judgment) (unpublished decision).

As discussed above, Defendants have presented competent summary judgment evidence demonstrating that Plaintiff suffered nothing more than a *de minimis* injury and that their use of force was applied in a good-faith effort to maintain or restore discipline. Because Plaintiff has not responded to Defendants' summary judgment motion and identified any genuine issues of material fact, Plaintiff has failed to establish an excessive force claim against Defendants.

**B.**    ***Step 2 – Objective reasonableness***

Because Plaintiff has failed to state a constitutional violation as to Defendants, it is unnecessary to examine whether their actions were objectively reasonable.  *See Saucier*, 533 U.S. at 201 (if the facts alleged do not establish that the officer's conduct violated a constitutional right, then the qualified immunity analysis need proceed no further and qualified immunity is appropriate).  Thus, it is respectfully recommended that the Defendants be granted summary judgment in their favor as to Plaintiff's excessive force claims and that those claims be dismissed with prejudice.

---

Cir. 1985) ("We hold, therefore, that summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment.").  The burden still rests on the movant to demonstrate the absence of a material fact at issue for trial.  However, since Defendants have met their initial burden, Plaintiff's failure to respond ultimately renders summary judgment appropriate in this case.

## VI.   RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that Defendants' Motion for Summary Judgment (D.E. 30) be GRANTED because they are entitled to qualified immunity as a matter of law and that Plaintiff's excessive force claims against Defendants be DISMISSED with prejudice.

Respectfully submitted this 7th day of February, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).